# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT COLE | ) |
| | ) CASE NO. 1:20-cv- 1586 |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| THE CITY OF ATTICA, INDIANA | ) |
| | ) |
| Defendant. | ) |

Plaintiff Robert Cole ("Plaintiff"), by and through counsel, for his Complaint against Defendant The City of Attica, Indiana ("Defendant") for the failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219; and based on personal knowledge of his own conduct and upon information and belief, states and alleges as follows:

## **INTRODUCTION**

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "FLSA").

## JURISDICTION AND VENUE

1) This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2) Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

## PARTIES

3) At all times relevant herein, Plaintiff was a citizen of the United States and resident of Fountain County, Indiana.

4) At all times relevant herein, Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. § 203(e).

5) At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(s)(1)(C).

## FACTUAL ALLEGATIONS

6) At all relevant times, Defendant has operated and controlled the Attica Police Department.

7) Plaintiff was employed as a non-exempt police officer by the City of Attica.

8) As a police officer, Plaintiff is an employee engaged in a public safety activity and in an emergency response activity within the meaning of the FLSA.

9) At all relevant times, Plaintiff typically worked over 40 hours per workweek.

10) Defendant failed to pay Plaintiff overtime compensation as required by the FLSA at a rate of not less than one and one-half his regular rate, and such overtime remains mostly unpaid.

11) Instead, Defendant required Plaintiff to accept "compensatory time off" in lieu of overtime wages in an amount in excess of 480 hours. For example, Plaintiff has accrued, and regularly maintained, over one thousand hours of compensatory time.

12) The FLSA prohibits employers from allowing or requiring employees to accrue over 480 hours of compensatory time. *See* 29 U.S.C. § 207(o)(3)(A) ("…the employee engaged in such work may accrue not more than 480 hours of compensatory time…").

13) In impermissibly requiring Plaintiff to accrue "compensatory time" in an amount well in excess of 480 hours, Defendant has violated the FLSA by failing to pay Plaintiff the overtime compensation as at a rate of not less than one and one-half their regular rate, and such overtime remains mostly unpaid.

14) Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

15) To the extent that Defendant failed to make, keep, and preserve records of all hours worked, Plaintiff is entitled to a reasonable estimate of such time.

**COUNT ONE**

**(Overtime Violations – FLSA)**

16) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

17) The FLSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half their regular rates.

18) Plaintiff regularly worked over 40 hours per week.

19) Defendant failed to pay Plaintiff overtime compensation at a rate of not less than one and one-half their regular rates for overtime hours worked in violation of the FLSA.

20) As a result of Defendant's practices and policies, Plaintiff has been damaged in that he has not received wages due to him pursuant to the FLSA; and because wages remain unpaid, damages continue.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Honorable Court:

A. Enter judgment against Defendant and in favor of Plaintiff;

B. Award Plaintiff actual damages for unpaid wages;

C. Award Plaintiff liquidated damages equal in amount to the unpaid wages found due to Plaintiff;

D. Award Plaintiff pre-judgment and post-judgment interest at the statutory rate;

E. Award Plaintiff fees, costs, and disbursements; and

F. Award Plaintiff further and additional relief as this Court deems just and proper.

Respectfully submitted,

RUCKELSHAUS KAUTZMAN BLACKWELL
BEMIS DUNCAN & MERCHANT, LLP

/s/ Edward J. Merchant
Edward J. Merchant
Attorney No. 26882-49
RUCKELSHAUS KAUTZMAN BLACKWELL
BEMIS DUNCAN & MERCHANT, LLP
135 N. Pennsylvania St., Ste 1600
Indianapolis, Indiana 46204
(317) 634-4356
ejm@rucklaw.com